UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DARREN GAMBLE,<br>    Plaintiff, | Case No. 1:21-cv-15 |
| vs | Cole, J.<br>Litkovitz, M.J. |
| HAMILTON COUNTY, et al.,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, a former inmate at the Hamilton County Justice Center, filed a pro se petition for a writ of mandamus. Because plaintiff failed to submit an *in forma pauperis* application or a certified copy of plaintiff's trust fund account statement (or institutional equivalent) as required by the PLRA, the Court issued, on January 12, 2021, a Deficiency Order requiring that plaintiff pay $402 ($350 filing fee plus $52 administrative fee) or submit to the Court an *in forma pauperis* application and certified copy of plaintiff's prison trust fund account statement (or institutional equivalent) for the preceding six-month period within thirty (30) day**s**. (Doc. 2). A copy of the Deficiency Order was sent to the institutional cashier.

On January 25, 2021, the Hamilton County Sheriff's Office responded to the Deficiency Order. The response indicated that plaintiff was no longer located at the Hamilton County Justice Center (*See* Doc. 3). On January 27, 2021, the Court's prior Order was returned to the Court marked "Return to Sender." (*See* Doc. 4).

Because plaintiff failed to apprise the Court of his current address, the Court ordered plaintiff on February 1, 2021, to show cause within fifteen (15) days why this action should not be dismissed for lack of prosecution. On February 17, 2021, the Clerk of Court resent the Court's January 12, 2021 and February 1, 2021 Orders to plaintiff at the address found at the Ohio Department of Rehabilitation and Correction (ODRC) website. On March 10, 2021, as it again appeared that plaintiff's address may have changed, the Court's February 1, 2021 Order

(Doc. 5) was resent to plaintiff at the Southeastern Correctional Institution, the facility indicated as his place of incarceration on the ODRC website, and at his address of record in this case. Although the Hamilton County Sheriff's Office returned the Court's Order on March 22, 2021 (Doc. 9), nothing was returned from the Southeastern Correctional Institution, the facility still indicated on the ODRC website as plaintiff's present place of incarceration.   To date, more than fifteen days after the Court resent the February 1, 2021 Order, plaintiff has failed to respond.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962).   Plaintiff's failure to inform the Court of his change of address warrants invocation of the Court's inherent power in this federal habeas corpus proceeding.   See Fed. R. Civ. P. 41(b); *see also* Rule 12, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.   Accordingly, plaintiff's petition for a writ of mandamus (Doc. 1) should be **DISMISSED** for lack of prosecution.

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.   The **CLERK OF COURT** is **DIRECTED** to send this Report and Recommendation to plaintiff at the address listed on the Court's Docket and at the Southeastern Correctional Institution, his current address as listed on the ODRC website.

**IT IS SO RECOMMENDED.**

Date:  5/7/2021

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DARREN GAMBLE,
    Plaintiff,

vs

HAMILTON COUNTY, et al.,
    Defendants.

Case No. 1:21-cv-15

Cole, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).