**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**DARREN GAMBLE,**

**Plaintiff,**

**v.**

**HAMILTON COUNTY, *et al.*,**

**Defendants.**

**Case No. 1:21-cv-15**
**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Litkovitz**

**ORDER**

This cause comes before the Court on the Magistrate Judge's May 10, 2021,[1] Report and Recommendation ("R&R") (Doc. 10). The Magistrate Judge recommends that the Court **DISMISS** the Plaintiff's case in its entirety for want of prosecution pursuant to Fed. R. Civ. P. 41(b) and for failure to comply with a Court order.

The R&R advised both parties that failing to object within the 14 days specified by the R&R could result in forfeiture of rights on appeal, which includes the right to District Court review. (*See* Doc. 10, #39). *See also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R … is forfeiture"); 28 U.S.C.

[1] The Report and Recommendation is dated May 7, 2021, but is listed on the docket with a May 10, 2021, date.

§ 636(b)(1)(C). Accordingly, the parties here needed to object by May 24, 2021. The time for filing objections has long since passed, and no party has objected.[2]

While that could be the end of the matter, the advisory committee notes on Federal Rule of Civil Procedure 72(b), i.e., the Rule governing objections to Magistrate Judges' R&Rs, suggest that—even when neither party has filed an objection—the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." The case law is somewhat unsettled as to whether such review is required, or merely advised. *Compare, e.g., Mavrakis v. Warden*, No. 5:17 CV 2398, 2018 WL 4104187, at *3 (N.D. Ohio Aug. 28, 2018) (reviewing for clear error absent an objection to a Magistrate Judge's R&R); *Mason v. Comm'r. Soc. Sec.*, No. 1:10 CV 2456, 2011 WL 3022016, at *1 (N.D. Ohio July 22, 2011) (same); *Malone v. Nike*, No. 2:18-cv-02505-TLP-cgc, 2020 WL 4106316, at *2 (W.D. Tenn. July 20, 2020) (same), *with, e.g.*, *Hutchinson v. Comm'r Soc. Sec.*, No. 1:18-cv-761, 2020 WL 3288411, at *1 (S.D. Ohio June 18, 2020) (adopting the R&R, without mentioning clear error review, because "the time period for objection ha[d] run, and no party ha[d] objected"); *McDonald v. Comm'r Soc. Sec*., No. 2:14-cv-1610, 2016 WL 110530, at *1 (S.D. Ohio Jan. 8, 2016) (same); *Davidson v. Warden*, No. 2:14-cv-115, 2018 WL 5836981, at *1 (S.D. Ohio Oct. 2, 2015) (same); *Hayes v. Warden*

---

[2] A first glance at the docket suggests that the mailings to Gamble were returned as "undeliverable." But, that is because, since February 17, 2021, the Court's mailings have been going *both* to Gamble's former location of incarceration (i.e., a facility maintained by the Hamilton County Sheriff), and his current place of incarceration (an Ohio Department of Rehabilitation and Correction facility). The mailings sent to ODRC have not been returned as undeliverable, so Gamble has been receiving those mailings. Accordingly, Gamble has received the three operative Orders in this case: a Deficiency Order (Doc. 2), an Order to Show Cause (Doc. 5), and, most importantly for current purposes, the R&R (Doc. 10).

*Noble Corr. Inst.*, No. 2:16-cv-248, 2017 WL 1380613, at *1 (S.D. Ohio Apr. 17, 2017) (same).

Whether required or not, the Court has reviewed the Magistrate Judge's R&R and determined that it does not contain anything approaching a "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes). To the contrary, the Magistrate Judge correctly found that the Plaintiff had failed to provide the required materials to support filing in forma pauperis, and correctly dismissed his case for failure to prosecute when, after repeated warnings, he failed to address that deficiency.

Finally, the Court notes that one reason Gamble may have lost interest in this matter is that the relief he sought—a transfer from the custody of the Hamilton County Sheriff to the custody of the Ohio Department of Rehabilitation and Correction—has now occurred.

Whatever the reason for Gamble's failure to respond, though, the Court **ADOPTS** the Report and Recommendation (Doc. 10). The Court thus **DISMISSES** Plaintiff's claims for want of prosecution. The Court **ORDERS** the Clerk to enter judgment accordingly and **TERMINATE** this case on the docket.

**SO ORDERED.**

September 3, 2021
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**